# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JADA DAVIS-BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-cv-00213-JAR |
| ) | |
| BELLEFONTAINE NEIGHBORS ) | |
| POLICE DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motions of plaintiff Jada Davis-Bey for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2; Docket No. 9). For the reasons discussed below, the Court finds that the motions should be denied at this time, because plaintiff has provided no financial information. However, plaintiff will be given the opportunity to file a new motion for leave to proceed in forma pauperis containing the required information. Additionally, plaintiff will be ordered to file an amended complaint on a Court form, pursuant to the instructions set forth herein.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing

court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

Plaintiff is a self-represented litigant who filed a civil action with this Court on February 6, 2020. (Docket No. 1). The complaint names the following defendants: Bellefontaine Neighbors Police Department; Bud; Jeffers; Lalumanier; Rea; Rayford; Neff; Spieler; Jim Buckles; Laumeier; Dispatch Unit Number 6D13; St. Louis County Government; City of Bellefontaine Neighbors

Government; and Bill Clark. Along with the complaint, plaintiff filed a motion for leave to proceed in forma pauperis and a motion for appointment of counsel. (Docket No. 2; Docket No. 3). The motion for leave to proceed in forma pauperis is on a Court-provided form. However, plaintiff has answered all the financial questions with the phrase: "Private Information." The motion for appointment of counsel is also on a Court form. The form has been altered so that it reads: "[Plaintiff] hereby reserve[s] the right to appoint my own consul." Both motions have been signed, and both include a red fingerprint.

On February 18, 2020, plaintiff submitted a number of exhibits, including medical records, a rental agreement from Grand Slam Storage Center, and a lengthy document titled "Unified United States Common Law Grand Jury," which purports to be a writ of mandamus directed at all county sheriffs. (Docket No. 5).

Plaintiff filed four separate documents with the Court on March 9, 2020. First, she filed a civil complaint form titled "Amended Claim." (Docket No. 7). This apparent amended complaint appears to be the same document as the complaint filed as Docket No. 1, with the exception that on the caption page, plaintiff has written "Amended Claim" and scratched out the word "Complaint," replacing it with "Claim." Second, plaintiff submitted another motion to appoint counsel on a Court-provided form. (Docket No. 8). Once again, plaintiff altered the form-motion so that it reads: "[Plaintiff] hereby reserve[s] the right to appoint my own consul." Plaintiff also filed a second motion for leave to proceed in forma pauperis. (Docket No. 9). As before, plaintiff responded to all the financial questions by writing "Private Information." Finally, plaintiff sent in another packet of exhibits, including medical records, a Grand Slam Storage Center rental agreement, and handwritten notes. (Docket No. 4).

## The Complaint

Plaintiff is a self-represented litigant who brings this civil action against fourteen separate defendants. She asserts that this Court has jurisdiction pursuant to "Article 20 and 21 of the Treaty of Amity Commerce of 1787 between the Moroccan Empire and the United States of America," as well as 18 U.S.C. § 241-242. (Docket No. 1 at 4; Docket No. 7 at 4). Both the complaint and the "Amended Claim" are handwritten on Court-provided forms and – as noted above – appear to be identical, save for the caption page.

In the "Statement of Claim," plaintiff makes numerous accusations, including claims of "a false police report, void ejectment, false and fraudulent eviction," excessive force, and false arrest. (Docket No. 1 at 10; Docket No. 7 at 10). It appears that plaintiff's claims arise from her arrest by law enforcement officers on September 9, 2019. As a result of this arrest, plaintiff states that she suffered physical injuries, that items of her property were stolen, and that she has been kept out of her home. Plaintiff is seeking $200,000,000 in damages, to be paid in "gold and silver coin." She also demands that "this franchise [be] revoked," that all defendants to be permanently relieved of duty, that admiralty courts be shut down, and that all matters pertaining to her criminal case be made public.

## Discussion

Plaintiff is a self-represented litigant who brings this civil action against fourteen separate defendants. For the reasons discussed below, the Court will deny plaintiff's motions to proceed in forma pauperis, but allow her the opportunity to file a motion containing the proper information. Furthermore, because plaintiff's complaint is deficient, the Court will order plaintiff to file an amended complaint within thirty days, in accordance with the instructions set forth below.


### A. Motions to Proceed in Forma Pauperis

Plaintiff has filed two motions for leave to proceed in forma pauperis. (Docket No. 2; Docket No. 9). Both documents are similar in that plaintiff has not provided any of the financial information requested in the form motions she has submitted. Instead, plaintiff has repeatedly stated "Private Information" when asked to provide her income, assets, liabilities, and dependents.

"The in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure that indigent persons will have equal access to the judicial system." *Greaser v. State of Missouri, Dep't of Corrs.*, 145 F.3d 979, 985 (8th Cir. 1998). Pursuant to that statute, a federal district court may authorize the commencement of a civil action without prepayment of the fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses." 28 U.S.C. § 1915(a)(1). In forma pauperis status, however, is a matter of privilege, not of right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). To enjoy the statute's benefits, a plaintiff has to demonstrate that, because of her poverty, she cannot pay for the litigation costs and still be able to provide for the necessities of life. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The determination of whether to grant or deny in forma pauperis status under § 1915 is within the sound discretion of the trial court. *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000).

Here, as noted above, plaintiff's motions for leave to proceed in forma pauperis do not contain any financial information whatsoever. As such, the Court is unable to determine whether plaintiff should be allowed to proceed in forma pauperis. Therefore, the motions will be denied at this time. The Clerk of Court, however, will be directed to send to plaintiff a copy of the Court's motion to proceed in forma pauperis form. Plaintiff must fill out the form with the required financial information, and return it to the Court within thirty days. If plaintiff does not wish to

proceed in forma pauperis, she must pay the entire $400 filing fee. Failure to either file a motion to proceed in forma pauperis or pay the filing fee within thirty days will result in the dismissal of this action without prejudice and without further notice.

### B. Deficiency in Complaint

Plaintiff's complaint is deficient and subject to dismissal. Pursuant to the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Here, plaintiff's "Statement of Claim" does not comport with this requirement. Rather than provide a short and plain statement, much of plaintiff's complaint is given over to long recitations of statutory offenses and conclusory pleading. The manner in which plaintiff presents her claims makes it difficult to know what each of the fourteen defendants is accused of doing. Plaintiff's failure to comply with Fed. R. Civ. P. 8 makes this action subject to dismissal. *See Micklus v. Greer*, 705 F.2d 314, 317 n.3 (8th Cir. 1983). Because plaintiff is proceeding pro se, she will be allowed to amend her complaint according to the instructions set forth below.

### C. Amendment Instructions

Plaintiff should type or neatly print her amended complaint on the Court's civil rights form, which will be provided to her. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible. In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party she is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should fill out the complaint form in its entirety.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting her claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, plaintiff should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as she has against that defendant. *See* Fed. R. Civ. P. 18(a).

In structuring her amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting her claim against that specific defendant. If plaintiff is suing more than one defendant, she should follow the same procedure for each defendant.

If plaintiff is suing multiple defendants, it is important that she establish the responsibility of each separate defendant for harming her. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions caused her injury. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff is advised to avoid making legal arguments or presenting legal citations. Instead, she should provide factual allegations demonstrating a plausible claim to relief. To that end, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a

formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

### D. Motions to Appoint Counsel

Plaintiff has filed two motions to appoint counsel. (Docket No. 3; Docket No. 8). As noted above, both of the form motions have been altered by plaintiff to indicate that she "hereby reserve[s] the right to appoint my own consul." To the extent that plaintiff is actually seeking the appointment of counsel, the Court notes that in civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro

se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Specifically, plaintiff is being ordered to file an amended complaint to comport with Fed. R. Civ. P. 8. Additionally, it is not altogether clear whether plaintiff is actually seeking the appointment of counsel, as her form motions have been altered by hand. The Court will entertain future motions for appointment of counsel as the case progresses, if properly filed, and if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions for leave to proceed in forma pauperis (Docket No. 2; Docket No. 9) are **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's motion for leave to proceed in forma pauperis form.

**IT IS FURTHER ORDERED** that plaintiff shall either file a motion for leave to proceed in forma pauperis or pay the $400 filing fee within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that if plaintiff files a motion for leave to proceed in forma pauperis, she must include sufficient financial information in the motion to allow the Court to make a determination regarding her ability to pay.

**IT IS FURTHER ORDERED** that if plaintiff does not file a motion for leave to proceed in forma pauperis or pay the filing fee within **thirty (30) days**, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that plaintiff's motions for appointment of counsel (Docket No. 3; Docket No. 8) are **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this order, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915(e)(2).

Dated this 23rd day of July, 2020.

*/s/ John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE